IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WALTER J. BRZOWSKI,
No. M29120

Petitioner,

vs.

THOMAS A . SPILLER,

Respondent.                                        Case No. 14-cv-01269-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Walter J. Brzowski is currently incarcerated in Pinckneyville Correctional Center, within this judicial district. In 2012, petitioner was convicted in Will County, Illinois, of two counts of violating an order of protection in two separate cases: *People v. Brzowski*, Case No. 10-CF-1923 (Ill. Cir. Ct. 2012); and *People v. Brzowski*, Case No. 10-CF 2494 (Ill. Cir. Ct. 2012). He was sentenced to two concurrent four-year prison terms in each case. Pursuant to 28 U.S.C. § 2254, Brzowski has now filed a petition for writ of habeas corpus seeking release from custody (Doc. 1).

This matter is now before the Court for review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the

petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

For the reasons set forth below, the petition shall be **DISMISSED**.

### Analysis

Petitioner Brzowski asserts three grounds for relief: (1) in accordance with 725 ILCS 5/114-5(d), the trial court lost jurisdiction over his criminal cases when his motion for substitution of judge was improperly denied, rendering all subsequent action by the trial judge null and void; (2) as a result, petitioner's constitutional right to due process has been violated; and (3) petitioner's state appellate cases are taking too long (*People v. Brzowski*, Case Nos. 3-12-0376 and 3-12-0477 (Ill. App. 3rd Dist. 2012))(*see* Doc. 1, pp. 5-6).

On its face, the petition reveals two significant legal hurdles Brzowski must clear before the Court can consider the merits of his claims. As highlighted by the third ground for relief, appeals within the state court system remain pending: *People v. Brzowski*, Case Nos. 3-12-0376 and 3-12-0477 (Ill. App. 3rd Dist. 2012). In addition, as acknowledged in the petition, there is another Section 2254 petition for writ of habeas corpus pending in the Northern District of Illinois: *Brzowski v. Spiller*, Case No. 14-cv-04014 (N.D. Ill. 2014) (*see* Doc. 1, p. 4). A review of the amended petition in that case reveals that the *same* grounds for relief are presented.

Relative to the appeals pending in state court, federal habeas relief "shall not be granted" unless the petitioner has exhausted remedies available in state

court. 28 U.S.C. § 2254(b)(1)(A); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 843-45 (1999) (Illinois prisoner must exhaust habeas claims by fairly presenting them in one complete round of established appellate review system). Brzowski argues in the petition in this district and in the petition in the Northern District that a petitioner can bypass the Section 2254(b) exhaustion requirement if he establishes that state court proceedings have been inordinately and unjustifiably delayed rendering those proceedings ineffective. *See* 28 U.S.C. § 2254(b)(1)(B); *Sceifers v. Trigg*, 46 F.3d 701, 703 (7th Cir. 1995); *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997). Because that issue has been briefed and is awaiting decision in the Northern District, this Court will not offer any further analysis. In any event, this action must be dismissed based solely on the fact that there is an identical petition pending in another district court.

This Court does not know what motivated Brzowski to file his petition in this district when an identical petition is pending in the Northern District of Illinois. However, it is noted that, just prior to the petition being filed in the Southern District, respondent Warden Spiller moved to dismiss the Northern District petition over Brzowski's objection, and a briefing schedule was entered.

Uncertainty about the proper venue for the petition also could have motivated Brzowski.[1] As already noted, Pinckneyville Correctional Center, where Brzowski is incarcerated, is located in the Southern District of Illinois. Will County, where petitioner was convicted, is located in the Northern District of

---

[1] A Section 2254 petition may be filed in the district court for the district wherein the petitioner is in custody *or* in the district court for the district containing the state court which convicted and sentenced the petitioner. 28 U.S.C.A. § 2241(d).

Illinois (*see* 28 U.S.C. § 93). Thus, the Northern District of Illinois remains an appropriate venue for Brzowski's Section 2254 petition, and the Northern District of Illinois has *not* transferred Case No. 14-4014 to this district. Although the two judicial districts have concurrent jurisdiction to entertain the petition (*see* 28 U.S.C. § 2241(d)), petitioner cannot pursue two identical petitions in different districts in order to increase the possibility of a favorable ruling. The Supreme Court has construed the concurrent jurisdiction provision in Section 2241(d) in the disjunctive—as an "either/or" choice of venue. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 497 (1973) ("[A] prisoner contesting a conviction and sentence of a state court of a State which contains two or more federal judicial districts, who is confined in a district within the State other than that in which the sentencing court is located, has the option of seeking habeas corpus either in the district where he is confined or the district where the sentencing court is located.").

**IT IS THEREFORE ORDERED** that the petition is **DISMISSED without prejudice**; judgment shall enter accordingly. This case is closed.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his

appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir.2008); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir.1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir.1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30–day appeal deadline.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." *Id*. The Court may grant a certificate of appealability only where a petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969 (8th Cir. 2000). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the case must deserve further proceedings. *See Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994). The Court finds that it is unlikely that another court would decide this case differently. For this reason, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

Signed this 9th day of December, 2014.

David R. Herndon
2014.12.09
15:57:32 -06'00'

District Judge
United States District Court